_____

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JAVIER CATALAN BAHENA,<br>ERASMO MARTINEZ,<br>ALVARO MARTINEZ,<br>FILIBERTO TAPIA OCAMPO,<br>OSCAR MARTINEZ,<br><br>      Defendants. | Case No. 2:23-cr-00163<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

      Based upon the motion of the United States of America ("United States"), and with good cause appearing, the Court hereby finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information of various individuals while still preserving the defendants' rights to a fair trial and meaningful discovery.

      Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

      1.     The United States will provide counsel for the defendants with unredacted copies of the discovery in this matter, including documents that contain the personal identifying information of third parties.

      2.     The produced unredacted discovery shall not be disclosed or made available for

inspection or copying to any person, other than as permitted in Paragraphs 3, 4, and 5.

3. Unredacted discovery provided pursuant to this order may be further disclosed to the following people: (a) associates, secretaries, paralegals, private investigators, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (b) court officials involved in this case.

4. Persons identified in Paragraph 3 above may review unredacted discovery with defendants but may not allow defendants to record or take possession of any personal identifying information. Any review by the defendants of any such material shall be conducted under the personal supervision of a person or persons identified in Paragraph 3.

5. Copies of discovery may be furnished to the defendants only after appropriate redaction of all personal identifying information (dates of birth, social security numbers, home addresses, and telephone numbers).

6. Persons obtaining access to the discovery produced pursuant to this protective order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding.

7. Except as otherwise required by defense counsels' ethical obligations, within 90 days of the conclusion of this case, all discovery produced pursuant to this order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office.  The case shall be considered closed once the time for direct appeal and the time for any other post-conviction relief has lapsed. Alternatively, counsel for defendant may retain the un-redacted discovery beyond the date the case is closed provided it is only used or disclosed with the consent of the U.S. Attorney's Office or after obtaining a court order authorizing disclosure.

8. Counsel for the defendants is responsible for employing reasonable measures to control duplication of, and access to, the unredacted discovery.

9. The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

Signed this  15th  day of May 2023.

JARED C. BENNETT
United States Magistrate Judge